IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KIONNA HARVEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case. 4:14-CV-01045-BCW |
| | ) | |
| SHADOW CREEK, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Remand and Suggestions in Support (Doc. #7). Plaintiff contends Defendant Shadow Creek, LLC's ("Defendant") notice of removal was untimely because it was filed more than thirty days after Defendant received notice that the amount in controversy exceeds $75,000. After reviewing the premises of the motion, the record, and the applicable law, the Court finds the notice of removal was timely and denies the motion.

**I.     BACKGROUND**

Plaintiff filed a petition in state court on May 7, 2014. She subsequently filed a First Amended Petition on July 9, 2014, and a Second Amended Petition on September 30, 2014. All of her petitions allege state law claims and seek judgment "in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000), plus costs."[1]

On November 25, 2014, Defendant removed the action to federal court based on diversity jurisdiction. Defendant's notice of removal ("Notice") explains that Defendant received discovery on October 27, 2014, indicating that Plaintiff seeks over $80,000 in damages. The

---

[1] Plaintiff's original petition did not allege a claim against Defendant. Plaintiff's First Amended Petition alleged a negligence claim against Defendant, and Plaintiff served Defendant on July 22, 2014.

1

Notice states that removal is timely because Defendant filed the Notice within thirty days of receiving this discovery.

On December 9, 2014, Plaintiff filed the instant motion. Plaintiff contends the removal is untimely because Defendant knew as early as January 2014 that the amount in controversy exceeded the jurisdictional minimum.[2] Plaintiff explains that she sent Defendant a January 14, 2014 settlement demand that expressly stated that she had "incurred over $81,000 in medical bills, to-date." Doc. #7 at 1. Plaintiff therefore argues that Defendant "improperly removed this case over three months after expiration of the 30-day statutory deadline." Id.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1332(a), federal district courts have "original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." Such actions may be removed to federal court under 28 U.S.C. § 1441, and the timeliness of removal based on diversity jurisdiction is governed by 28 U.S.C. § 1446(b).

Section 1446(b) provides two thirty-day periods for removing a case. The first period is triggered if the case stated by the initial pleading is removable. See 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting for the claim for relief . . . ."). The second period is triggered if the case stated by the initial pleading is not removable and the defendant receives "a copy of an amended pleading, motion, order or other paper" from which removability may first be ascertained. Id. at § 1446(b)(3).

---

[2] Plaintiff does not dispute that diversity jurisdiction exists. Rather, Plaintiff's sole dispute is that removal was untimely.
2

If a notice of removal is untimely filed, a plaintiff may move to remand the action to state court. 28 U.S.C. § 1447(c). Once challenged, the defendant bears the burden of establishing federal jurisdiction and demonstrating that all procedural prerequisites are satisfied. Steeby v. Discover Bank, 980 F. Supp. 2d 1131, 1134 (W.D. Mo. 2013). All doubts about removal are resolved in favor of remand. Id.

**III.   ANALYSIS**

Plaintiff argues that by the time Defendant received her petition, it knew that the case was removable based on her January 2014 settlement demand. Plaintiff contends Defendant's Notice is therefore untimely because it was not filed within thirty days of Defendant's receipt of the petition. Stated differently, Plaintiff argues that her settlement demand constitutes an "other paper" that operates in tandem with a vague initial pleading to trigger a hybrid thirty-day period. The Court rejects this argument for the following reasons.

First, Plaintiff's hybrid approach is inconsistent with Eighth Circuit case law interpreting the first thirty-day period. In In re Willis, 228 F.3d 896, 897 (8th Cir. 2000), the Eighth Circuit held that the first thirty-day time period "begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount." The Eighth Circuit adopted this bright-line rule because it "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." Id. (internal quotation omitted). The Court finds that the Eighth Circuit's goal would be eviscerated if this Court required Defendant to rely on Plaintiff's pre-suit demand letter to ascertain whether the case stated by a vague initial pleading is actually removable.[3]

---

[3] Plaintiff's approach would also require defendants to speculate as to whether the plaintiff was continuing to assert the same damage theories as those stated in the pre-filing discussions.

3

Second, Plaintiff's argument that her settlement demand constitutes an "other paper" under the second thirty-day period violates rules of statutory construction. Principally, her argument renders the statute nonsensical. If Plaintiff's January 2014 settlement demand is an "other paper" for purposes of the second thirty-day period, then the plain language of the statute would require Defendant to file a notice of removal several months before receipt of the state court petition. This is illogical given that "a case cannot be removed before its inception." Carvalho v. Equifax Info. Servs., 629 F.3d 876, 885 (9th Cir. 2010).[4]

Plaintiff's argument also ignores the canon of construction that items in a list that share an attribute "counsels in favor of interpreting the other items [in the list] as possessing that attribute as well." Beecham v. United States, 511 U.S. 368, 371 (1994). Specifically, the statute lists "an amended pleading, motion, order or other paper" as the triggering documents for the second thirty-day period. 28 U.S.C. § 1446(b)(3). The first three examples are all documents that post-date the state court petition. Therefore, the above canon of construction favors an interpretation of "other paper" that does not include a pre-suit settlement demand. For all of these reasons, the Court concludes Plaintiff's January 2014 settlement demand did not trigger a thirty-day removal period under 28 U.S.C. § 1446(b).

Rather, the Court finds Defendant has demonstrated that the Notice was timely filed. Because Plaintiff's state court petition lacked any indication that the amount in controversy exceeded $75,000, it did not trigger the first thirty-day period. Plaintiff's October 27, 2014 discovery response, however, triggered the second thirty-day period. The parties do not dispute that Plaintiff's discovery response constitutes an "other paper," and Plaintiff's discovery

---

[4] Accepting Plaintiff's position would also likely violate due process given the Supreme Court's statement that the thirty-day period is triggered by service of process. See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 119 S.Ct. 1322, 1325 (1999) (holding that a defendant's time to remove is triggered "simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service").

4

response contained copies of bills from various healthcare providers that totaled over $80,000. Because Defendant filed the Notice within thirty days of receiving Plaintiff's October 27, 2014 discovery response, which was "other paper from which it may first be ascertained that the case is . . . removable," the Court denies Plaintiff's motion to remand. See Hessler v. Home Depot U.S.A., Inc., No. 4:13-CV-227, 2013 WL 1914435 (E.D. Mo. May 8, 2013) (rejecting the plaintiff's argument that removal was untimely based on pre-suit demand letter). Accordingly, it is hereby

ORDERED Plaintiff's Motion to Remand and Suggestions in Support (Doc. #7) is DENIED.

IT IS SO ORDERED.

DATED: January 14, 2015            /s/ Brian C. Wimes
                                                           JUDGE BRIAN C. WIMES
                                                           UNITED STATES DISTRICT COURT